UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

August 31, 2026

LETTER TO COUNSEL

RE: *Todd K. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-3096

Dear Counsel:

On September 17, 2025, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for disability insurance benefits under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-motions for summary judgment, ECF Nos. 7, 10, and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons discussed below, I will deny both Motions and remand this case for further consideration in accordance with my analysis and conclusions below.

## I. The History of this Case

Plaintiff filed his claim for Title II disability insurance benefits on December 20, 2022, alleging a disability onset date of April 16, 2021. ECF No. 6-3 at 15. The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. *Id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 12, 2025. *Id.* After that hearing, the ALJ determined Plaintiff did not have a disability as defined by the Social Security Act during the relevant time frame. *Id.* at 29. The Appeals Counsel, subsequently, denied Plaintiff's request for review. *Id.* at 2. Since the Appeals Council denied Plaintiff's request for review, the ALJ's decision reflects the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "major depressive disorder; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; obesity; diabetes mellitus type II[.]" ECF No. 6-3 at 17. Despite these impairments, the ALJ determined that Plaintiff retained the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except: lift/carry twenty pounds occasionally and ten pounds frequently; stand/walk six hours total in an eight-hour day; sit six hours total in an eight-hour day; occasionally climb ladders/ropes/scaffolds;

> occasionally kneel and crawl; can tolerate occasional interaction with public, supervisors, and coworkers.

*Id.* at 21.

In determining this RFC, the ALJ acknowledged that they must consider the limiting effects of Plaintiff's obesity and other factors affecting Plaintiff's ability to stand when determining the RFC. *Id.* at 22. In doing so, the ALJ noted, among other things, that: 1) Plaintiff reported ongoing leg numbness, *id.*; 2) Plaintiff had C4-5 and C5-6 spinal cord indentation, *id.*; 3) Plaintiff's spondylosis is "most severe at C5-C6 and C6-C7," *id.*; 4) a "cervical spine MRI reveals at C3-C4 diffuse disc bulging with ligament flavum hypertrophy indenting on the dural sac," *id.*; and 5) Plaintiff has "C4-C5 diffuse disc bulging with endplate degenerative changes, indenting on the spinal cord," *id.* Additionally, the ALJ considered the opinion of F.N.P. Angela Knotts, which they found persuasive. Ms. Knotts found that although Plaintiff has no limitations regarding sitting or walking, "the claimant has limitations with standing[:] the claimant can do this for 20 minutes at a time and 6 hours total in an 8-hour workday due to pain." *Id.* at 26. As both parties acknowledge, the ALJ failed to either include or explain why they did not include the complete standing limitation in the RFC. *See* ECF No. 7, at 8; ECF No. 10, at 9 ("As discussed above, the ALJ is not required to adopt or expressly accept every limitation in an opinion. In this case, light work includes sitting and standing and does not specifically denote positional tolerances as the individual can sit, stand or walk for 6-hours each out of the 8-hour workday."). Nor, as a result, was this limitation included in the hypotheticals the ALJ presented to the vocational expert ("VE"). *See* ECF No. 6-3, at 57.

Based on this RFC, the ALJ determined that Plaintiff was unable to perform past relevant work as a maintenance supervisor. *Id.* at 26. However, the ALJ determined that Plaintiff did not have a disability because he could perform other jobs that exist in significant numbers in the national economy. See *id.* at 27 (noting that Plaintiff could perform work as a marker, router and collator operator). The ALJ made this determination based, in part, on the testimony of the VE. *Id*. at 28. As a result, the ALJ denied Plaintiff's claim for disability benefits. *Id.* at 28-29.

## II. Plaintiff's Arguments on Appeal

On appeal, Plaintiff raises three arguments: 1) "[t]he ALJ failed to properly evaluate the examining medical source opinion of the internal consultative examiner Angela Knotts, F.N.P.", ECF No. 7, at 6; 2) "[t]he ALJ failed to properly evaluate the medical source opinion of the State agency psychological consultant K. Sagun, Ph.D.", *id.*; and 3) "[t]he ALJ failed to properly evaluate Plaintiff's allegations of pain and physical dysfunction[,]" *id.* This Letter Opinion shall focus on Plaintiff's first argument.

The ALJ must determine the RFC of the claimant, which incorporates a function-by-function assessment of their ability to do work-related activities. Social Security Ruling (SSR) 96-8p. The United States Court of Appeals for the Fourth Circuit has held that such a function-

by-function assessment requires ALJs to evaluate "a claimant's ability to perform the physical functions listed in [the regulations]," including "sitting, standing, walking, lifting, carrying, pushing, pulling or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). A "proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). The RFC analysis should describe "how the evidence supports each conclusion reached by the ALJ by citing to evidence and articulating all inferences drawn therefrom." *Nancy G. v. Kijakazi*, No. GLS 20-3440, 2022 WL 363824, at *3 (D. Md. Feb. 4, 2022) (citing *Thomas*, 916 F.3d at 312-13); *see also Dowling*, 986 F.3d at 387 ("every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by "a narrative discussion describing [ ] the evidence" that supports it") (quoting *Thomas*, 916 F.3d at 311)). Failure to do so may warrant remand. *See Britt v. Saul*, 860 F. Appx. 256, 262 (4th Cir. 2021).

This Court has explained that the requirement that an ALJ explain how the evidence supports their conclusions extends to his evaluations of the opinions of a medical consultant whose opinions the ALJ finds persuasive. *See Zachary A. v. Dudek*, No. 23-3197-CDA, 2025 WL 948380, at *3 (D. Md. Mar. 28, 2025) ("The Court agrees with Plaintiff that the ALJ failed to sufficiently explain why a 1-2 step instructions limitation was not included in the RFC despite the ALJ assigning partial persuasive value to Drs. Leizer's and Prout's medical opinions[.]" (internal quotation marks omitted)); *Laura K. v. Kijakazi*, No. TMD 20-2215, 2021 WL 4391123, at *5 (D. Md. Sep. 24, 2021) ("The Court finds that the ALJ's failure to address Dr. Dinwoodie's opinions regarding Plaintiff's ability to understand, remember, and carry out simple, one- and two-step instructions and procedures warrants remand."); *Jennifer S. v. Berryhill*, No. TMD 17-2487, 2018 WL 5112407, at *5 (D. Md. Oct. 19, 2018) ("Despite affording significant weight to the opinion of Dr. Suansilppongse, who opined that Plaintiff's mental capacity restricted her to performing one- and two-step tasks, the ALJ's 'RFC and hypothetical here are not supported by substantial evidence because it is not clear whether the omission of any limitation to one or two-step jobs was intentional or not.'" (internal citation omitted)). This accords with Social Security Ruling 96-8p which explicitly provides that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p.

As noted above, the parties agree that the ALJ failed to comply with this requirement. While the ALJ chose to include F.N.P. Knotts's conclusion that Plaintiff could stand for no more than six hours total during an eight-hour workday, the ALJ failed to include the additional limitation that Plaintiff could stand for no more than twenty minutes at a time. The opinion was not incidental or an after-thought, but corresponded with ample evidence in the record – including evidence which the ALJ acknowledged. *See* ECF No. 6-3, at 22-23 (recounting the evidence in the record regarding the limiting effects of Plaintiff's obesity and other factors affecting Plaintiff's ability to stand).

The Commissioner fails to present any meaningful argument in response, largely emphasizing that the applicable precedent does not require the ALJ to have adopted all of F.N.P. Knotts's limitations. *See* ECF No. 10, at 9 ("the ALJ is not required to adopt or expressly accept every limitation in an opinion. In this case, light work includes sitting and standing and does not specifically denote positional tolerances as the individual can sit, stand or walk for 6-hours each out of the 8-hour workday."). While this argument is generally correct, it misses the point. Plaintiff's argument, in accord with the applicable precedent, is not that the law required the ALJ to adopt every opinion that F.N.P. Knotts presented, but rather that if the ALJ chose not to include every limitation, they had to explain why. As discussed, the Commissioner does not meaningfully dispute that the ALJ failed to do so. Alternatively, the Commissioner argues that sufficient evidence supported the ALJ's conclusion that Plaintiff could stand for no more than six hours in an eight-hour workday. *See* ECF No. 10, at 10 (noting that the ALJ found persuasive the opinion of Dr. Goo who concluded that "Plaintiff was able to perform a range of light work including the ability to sit 6 hours in an 8-hour workday, stand/walk 6 hours in an 8-hour workday[.]"). As with the Commissioner's first argument, this contention misses the point. The question is not whether sufficient evidence supported the ALJ's separate finding regarding the total amount of time Plaintiff could stand over the course of one day, but rather whether the ALJ explained why he did not include a distinct limitation regarding the amount of time Plaintiff could stand at any one time.

Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. Regardless, the Commissioner also should address the other issues Plaintiff has raised. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n. 1 (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

## III. Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 7, is denied and Defendant's Motion for Summary Judgment, ECF No. 10, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is vacated. This case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly. An implementing order follows.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge